DAVID M. GLASPY, Esq. SBN 95332
DGlaspy@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
Telephone: (925) 947-1300
Facsimile: (925) 947-1594

Attorneys for ROHR, INC., erroneously served herein as Rohr Inc. dba Goodrich Aerospace

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MEZA and BARBARA MEZA,<br><br>            Plaintiffs,<br><br>vs.<br><br>3M COMPANY, et al.<br><br>            Defendants. | Case No. 2:19-cv-00334-MWF (SKx)<br><br>*Transferred from Los Angeles Superior Court 18STCV07768*<br><br>*Assigned to Hon. Michael W. Fitzgerald*<br><br>**DEFENDANT ROHR, INC.'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**<br><br>Initially filed:   December 10, 2018<br>Removed to CDCA:   January 16, 2019<br>Trial date:   None |

Defendant, Rohr, Inc. (hereinafter "Rohr"), hereby makes the following initial disclosures pursuant Federal Rules of Civil Procedure, Rule 26 (a)(1)(A). Rohr's investigation into this matter is ongoing. Additionally, plaintiff has not yet identified a Rohr product for which he is claiming exposure and therefore, it is impossible for Rohr to meaningfully respond with initial disclosures. Rohr expressly reserves the

1

right to supplement its initial disclosures if and when the plaintiff identifies an actual Rohr product.

## I. Individuals Likely To Have Discoverable Information That The Disclosing Party May Use To Support Its Claims Or Defenses

Rohr identifies the following witnesses who may have information regarding the plaintiffs' claim. Rohr will amend and supplement this disclosure once plaintiff identifies a product allegedly manufactured or supplied by Rohr.

a) Plaintiff Harold Meza ("Plaintiff")
b) Plaintiff Barbara Meza ("Plaintiff")
c) Plaintiff's co-workers, supervisors, and employers
d) Individuals with whom Plaintiff served in the U.S. Air Force
e) Plaintiff's children and/or relatives
f) Other percipient lay witnesses identified or disclosed in the course of discovery and investigation
g) Expert witnesses
h) Plaintiff's physicians and medical providers who treated him for his alleged asbestos-related disease
i) Defendant's corporate representatives
j) Any witness that may provide a foundation for and/or authenticate exhibits
k) Any witness identified by any other party
l) Rebuttal and impeachment witnesses

## II. A Copy Of, Or A Description By Category And Location Of, All Documents, Data, Compellations, And Tangible Things In Its Possession, Custody Or Control That Each Party May Use To Support Its Claims Or Defenses.

Rohr identifies the following documents that may have bearing on the plaintiffs' claims:

a) Plaintiff's medical records and billing records
b) Plaintiff's Social Security records
c) Plaintiff's military records
d) Plaintiff's union records

2

*2:19-cv-00334-MWF (SKx)*
DEFENDANT ROHR, INC.'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

e) Plaintiff's pension and disability related records
f) Plaintiff's employment-related records
g) Veteran's Affair Administration records pertaining to plaintiff
h) Plaintiff's business records
i) Documents relating to Plaintiff's asbestos exposures
j) Deposition transcripts
k) Written discovery responses by any party
l) Relevant scientific articles and studies
m) Any document listed or disclosed by any party, identified in responses to discovery, depositions and/or listed in documents produced by any party

Rohr reserves to the right to amend and supplement this response once the plaintiff identifies a Rohr product, if any.

## III. A Computation Of Any Category Of Damages Claimed By The Disclosing Party.

Rohr is not asserting an affirmative claim for damages against plaintiff and therefore does not provide any further response hereto.

## IV. Any Insurance Agreement Under Which Any Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment.

Rohr is unable to identify which, if any, insurance policy would apply, until such time as the plaintiff identifies a Rohr product to which he is claiming exposure.

## V. Additional Items

Rohr reserves the right to amend and supplement this response once and if any such Rohr product is identified by the plaintiff.

///

///

///

| | | |
|---|---|---|
| 1 | Dated:  March 11, 2019 | **MANNING GROSS + MASSENBURG LLP** |
| 2 | | |
| 3 | | By: _____*/s/ David M. Glaspy*_____ |
| 4 | | David M. Glaspy, Esq. SBN 95332 |
| 5 | | Attorneys for ROHR, INC., erroneously served herein as Rohr Inc. |
| 6 | | dba Goodrich Aerospace |

4

*2:19-cv-00334-MWF (SKx)*
DEFENDANT ROHR, INC.'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

I am a citizen of the United States and am an employee in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 100 Pringle Avenue, Suite 750, Walnut Creek, California 94596; on the date shown below, I served the within:

- **DEFENDANT ROHR, INC.'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

by electronic service via ECF/CM for e-mailing to all parties in this action per the electronic service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Walnut Creek, California, on March 11, 2019.

      */s/ Shannon Jackson*
      Shannon Jackson

5

*2:19-cv-00334-MWF (SKx)*
DEFENDANT ROHR, INC.'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)