HASSARD BONNINGTON LLP
Edward E. Hartley, Esq. (#122892) eeh@hassard.com
Barry N. Endick, Esq. (#142097) bne@hassard.com
275 Battery Street, Suite 1600
San Francisco, California 94111
Telephone: (415) 288-9800
Fax: (415) 288-9802

Attorneys for Defendant
CIRRUS ENTERPRISES LLC,

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD MEZA and BARBARA MEZA;<br><br>　　　　　　Plaintiffs,<br>　vs.<br>3M COMPANY,.et al<br>　　　　　　Defendants. | No. CV-19-334-MWF(SKx)<br><br>**DEFENDANT CIRRUS ENTERPRISES LLC'S INITIAL DISCLOSURE**<br><br>Complaint Filed: December 10, 2018<br>Date Removed: January 16, 2019<br>Trial Date: TBD |

**DEFENDANT CIRRUS ENTERPRISES LLC'S DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)**

　　　　Defendant CIRRUS ENTERPRISES LLC ("CIRRUS" or "Defendant") hereby makes this disclosure pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A).

　　　　This disclosure is made without waiver of any claims of the attorney-client privilege, work product doctrine, or any other applicable privilege or objection provided for by the Rules of Federal Procedure. In addition, as this case was recently filed, plaintiff Harold Meza has not been deposed and little written discovery has been undertaken. Moreover, plaintiffs have not identified any asbestos containing product for which CIRRUS is responsible to which Harold Meza claims exposure. As such, it is premature for CIRRUS to identify, much less disclose, the witnesses and evidence

it intends to use at trial, and therefore CIRRUS reserves the right to supplement this disclosure as necessary and appropriate.

### A.   WITNESSES (Rule 26(a)(1)(A)(i)):

#### 1.   LAY WITNESSES

At such time that Plaintiffs offer evidence, if any, of Harod Meza's alleged exposure to any asbestos-containing product allegedly sold or distributed by CIRRUS, CIRRUS will forthwith determine whether any and which experts and lay witnesses will be required, since it is presently impossible to determine which witnesses might have relevant information given the early stage of this proceeding. CIRRUS reserves the right to call any and all of the individuals identified through written discovery or deposition testimony in this case to testify at trial, including but not limited to:

   i.   Plaintiff Harold Meza

   ii.  Plaintiff Barbara Meza

   iii. Coworkers, if any, of plaintiff Harold Meza

   iv.  Other fact witnesses, if any, of plaintiff Harold Meza

   v.   Ronald E. Cloud
        c/o Hassard Bonnington LLP
        275 Battery Street, Suite 1600
        San Francisco, CA 94111
        (415) 288-9800

        Mr. Cloud is a corporate representative of CIRRUS, who may have information relevant to Plaintiffs' claims.

CIRRUS also reserves the right to call any or all of the following persons as witnesses at trial:

   a.   Any joint defense representative, whether or not a medical doctor, who has in any way treated Harold Meza, or reviewed medical records or other facts relevant to plaintiff's medical condition or undertaken any diagnostic procedures (including rehabilitation and economic experts);

   b.   Any and all of Harold Meza's treating physicians whose names

are contained in plaintiff's medical records and who have treated or examined plaintiff or plaintiff's x-rays for conditions which affected plaintiff's pulmonary function, general health, employability, or life expectancy, and any all of the physicians or medical providers specifically identified by plaintiffs in their FRCP 26(a)(1)(A) initial disclosure and/or any other discovery responses; and

        c.      Custodians of Harold Meza's medical records, to the extent that opinion testimony of such custodians is needed for proper authentication of records;

        d.      Any fact witness designated by plaintiffs or any other defendant, whether or not that defendant is still in the case at the time of trial, or any witness listed in any depositions taken in this case. CIRRUS further reserves the right to rely on any and all deposition transcripts or trial preservation videos, and accompanying exhibits, given by any experts under FRCP 30(b)(6), fact and lay witnesses previously identified by plaintiffs in their FRCP 26(a)(1)(A) initial disclosure, or to be identified in the future;

        e.      Any and all records custodians for Harold Meza and his employers;

        f.      Any of Harold Meza's co-workers and any product identification witnesses including, but not limited to, those designated by plaintiffs;

        g.      Any individual designated as an expert witness by any other party, whether or not that party remains in the case at the time of trial; and

        h.      Any and all persons most knowledgeable and/or corporate representatives for each of the defendants identified in Plaintiffs' FRCP 26(a)(1)(A) initial disclosure, or identified in any other discovery method.

## 2. EXPERT WITNESSES

Given the current state of discovery, CIRRUS has not yet determined which expert witnesses (if any) will be designated. CIRRUS reserves the right to supplement this disclosure once discovery has advanced sufficiently to warrant such disclosure. Notwithstanding the current state of discovery, CIRRUS hereby

designates:

1. Any person(s) designated as expert witnesses by any other party;

2. Any individual, whether a medical doctor or not, who, in any way, examine, evaluated, or treated Harold Meza, or reviewed medical records or undertook any diagnostic procedures with respect to plaintiff's medical, psychological, physical, occupational and/or financial conditions;

3. Any of Harold Meza's treating physicians, whose names, addresses, and qualifications are already known to plaintiffs' counsel; and

4. Any and all joint defense representatives in this action who examined Harold Meza's medical records, x-rays, test results and pathology or other medical data regarding plaintiff.

## B.     DOCUMENTS (Rule 26(a)(1)(ii)):

CIRRUS reserves the right to use any and all documents that have already been, or will be, produced to the parties during discovery and/or through the trial in this matter, whose locations are known to Plaintiffs and are currently unknown to CIRRUS. CIRRUS may use:

   i. Plaintiff's Social Security Records;

   ii. Plaintiff's union records;

   iii. Product manufacturer, supplier, and distributor records, including purchase orders, invoices, delivery manifests, manuals, etc., showing products delivered for use at locations where plaintiff worked;

   iv. Plaintiff's Employment Records and military service records, if applicable;

-4-

DEFENDANT CIRRUS ENTERPRISES LLC'S INITIAL DISCLOSURE
Case No. CV-19-334-MWF(SKx)
P:\Wdocs\HBMAIN\02849\00042\01200024.DOC-31119

    v. Premises Records pertaining to construction, maintenance, remodel, demolition, and abatement activities at any of plaintiff's places of employment and, specifically, regarding the use or disturbance of asbestos-containing materials, including plans; specifications; work orders; purchase orders; invoices; equipment manuals; maintenance manuals; records of safety meetings and warnings provided to personnel, contractors, workers, visitors, and others; contracts and subcontracts; et cetera;

    vi. Contractor and subcontractor records showing contracts, plans, specifications, work orders, etc., for construction, maintenance, repair, remodel, and abatement involving the use, installation, removal, and/or disturbance of asbestos-containing materials on the premises where plaintiff worked or served;

    vii. Plaintiff's responses to any and all written discovery propounded in this action;

    viii. Any and all documents produced or referenced in responses to discovery in this action;

    ix. Responses of other defendants to written discovery propounded in this action;

    x. Books, treatises, newspaper articles, magazine articles, and other documents pertaining to asbestos and asbestos exposure;

    xi. Authorizations for the release of medical records;

    xii. Medical and billing records related to plaintiff's diagnosis, medical treatment, funeral and/or burial, and any other conditions which might have affected her life expectancy or otherwise reduced Plaintiff's claimed damages.

    xiii. Any and all documents produced by any party in this case or any document reviewed, prepared, or relied upon by any witness in relation to this case;

    xiv. Any exhibits identified in plaintiff's or any other party's witness and exhibit lists, and those items identified in depositions, discovery responses and other matters of record in this action.

### C. DAMAGES COMPUTATIONS (Rule 26(a)(1)(A)(iii)):

CIRRUS is not alleging damages at this time. This response does not waive any right or interest CIRRUS may have in asserting a claim for damages, attorneys' fees, or costs of suit in the future, which may be asserted once the merits of the claims and cross-claims, if any, asserted against it are adjudicated.

Plaintiff has yet to provide computations or documentation supporting their damage claims in this action. As such, CIRRUS is unable to respond to any damage claims asserted by plaintiff. Notwithstanding, CIRRUS denies that it is liable for any injuries or damages claimed by plaintiff in this action.

### D. INSURANCE (Rule 26(a)(1)(A)(iv)):

CIRRUS has different insurance policies covering different time periods that may be applicable to the exposures, injuries and/or damages claimed in this action. CIRRUS is unable to provide additional information insofar as plaintiff has not yet identified with specificity the years of alleged exposure for which he contends CIRRUS is liable. CIRRUS may supplement this Disclosure to the extent possible when such information is provided by plaintiff.

Dated: March 11, 2019

_____
Edward E. Hartley
State Bar No. 122892
E-mail: eeh@hassard.com

HASSARD BONNINGTON LLP
275 Battery Street, Suite 1600
San Francisco, California 94111
Telephone: (415) 288-9800
FAX: (415) 288-9802

Attorneys for Defendant
CIRRUS ENTERPRISES LLC

# CERTIFICATE OF SERVICE

**Case Name:** *Harold Meza, et al. v. 3M Company, et al.*
USDC, Central District of California, Western Division, Los Angeles
**Case No.: 2:19-cv-00334-MWF–(SKx)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 275 Battery Street, Suite 1600, San Francisco, CA 94111. My electronic address is arh@hassard.com.

3. On March 11, 2019, I served the following documents:

**DEFENDANT CIRRUS ENTERPRISES LLC'S INITIAL DISCLOSURE**

4. I served the documents on the **persons** below as follows:

| | |
|---|---|
| Brent J. Zadorozny, Esq.<br>bzadoronzy@simmonsfirm.com<br>Crystal G. Foley, Esq.<br>cfoley@simmonsfirm.com<br>Melissa C. Schopfer, Esq.<br>mschopfer@simmonsfirm.com<br>SIMMONS HANLY CONROY<br>100 N. Pacific Coast Highway, Suite 1350<br>El Segundo, CA  90245<br><br>Telephone: (310) 322-3555<br>Facsimile: (310) 322-3655 | Attorneys for Plaintiffs<br>HAROLD MEZA and BARBARA MEZA<br><br>**VIA ELECTRONICALLY** |

5. The documents were served by the following means (specify):

   X   **By Electronically** serving the document(s) described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the Pacer website.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   March 11, 2019.

*/s/ A.R. Hannon*
A.R. Hannon

-1-

PROOF OF SERVICE
P:\Wdocs\HBMAIN\00002\02228\01200025.DOCX-31119